**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID No. 1211023691 |
| | ) | |
| LAMOTTE K. JOHNS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: January 28, 2016
Decided: February 9, 2016

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
SHOULD BE DENIED.**

Brian J. Robertson, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

LaMotte K. Johns, Howard R. Young Correctional Center, Wilmington, Delaware, *pro se.*

PARKER, Commissioner

This 9th day of February 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.  On February 4, 2013, Defendant LaMotte K. Johns was indicted on the charges of drug dealing, possession of a firearm during the commission of a felony, possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, and possession of drug paraphernalia.

2.  The charges stemmed from a search conducted on November 30, 2012 at Defendant's barbershop and residence during which marijuana and a firearm were found.

3.  Defendant's trial counsel filed a motion to suppress.[1]  A suppression hearing was held on August 5, 2014.  On November 25, 2014, the Superior Court issued its decision denying Defendant's motion to suppress.[2]  The court determined that under the totality of the circumstances the information provided by the four confidential informants in this case provided sufficient probable cause for the issuance of the search warrant.[3]

4.  If convicted, Defendant was eligible to be sentenced as a habitual offender pursuant to 11 *Del. C.* § 4214(a).  The State offered Defendant a plea agreement in which it would cap its sentence recommendation to a total of 4 years of unsuspended Level V time.  Having lost the suppression motion, Defendant was faced with a dilemma. Either he could reject the plea offer and proceed to trial thereby preserving the right to appeal the denial of the suppression motion. However, if convicted, Defendant could be sentenced as a habitual offender on multiple felony charges and would be facing significantly more jail time than that offered in the plea agreement.  On the other hand,

---

[1] Superior Court Docket No. 48.
[2] *State v. Johns,* 2014 WL 7740459 (Del.).
[3] *Id.*

1

Defendant could accept the plea offer but by doing so he would be waiving his right to appeal the denial of the suppression motion.

5. Given the strength of the evidence against Defendant, Defendant's trial counsel advised him that it was unlikely he would prevail at trial and would likely be convicted of all the charges.[4] Defendant's trial counsel advised Defendant that, in counsel's opinion, Defendant should accept the plea offer.[5] After many exhaustive discussions weighing Defendant's options, Defendant, at the urging of his family members, made the decision to accept the plea offer.[6]

6. On January 13, 2015, Defendant accepted the State's plea offer and pled guilty to possession of a firearm by a person prohibited and possession of ammunition by a person prohibited. As part of the plea agreement, the State agreed to dismiss all of the remaining charges.

7. Also as part of the plea agreement, the State agreed to cap its recommendation for Level V time to a total of 4 years. In fact, the recommendation of 4 years of unsuspended Level V time was a joint recommendation by both parties.[7] Although Defendant was eligible to be sentenced as a habitual offender pursuant to 11 *Del. C.* 4214(a), the parties agreed that the State would only seek habitual offender sentencing on the possession of ammunition by a person prohibited charge.

8. On May 1, 2015, Defendant was sentenced to a total of three years of unsuspended Level V time, followed by probation.

9. Defendant did not file a direct appeal to the Delaware Supreme Court.

---

[4] Superior Court Docket No. 71- Affidavit of Defendant's Trial Counsel in response to Defendant's Rule 61 motion.
[5] *Id.*
[6] *Id.*
[7] January 13, 2015 Plea Transcript, at pg. 3; May 1, 2015 Sentencing Transcript, at pgs. 3-6.

## DEFENDANT'S RULE 61 MOTION

10.     On July 6, 2015, Defendant filed the subject motion for postconviction relief.[8]  In the subject motion, Defendant raises four claims all pertaining to the issuance of search warrant, the resulting search, the suppression hearing, and the court's denial of the suppression motion.    Among these claims are ineffective assistance of counsel contentions.    Defendant claims that he was not able to learn the identity of the confidential informants due to the ineffectiveness of his counsel and that his plea was coerced due to his counsel's ineffectiveness.

11.     Before making a recommendation, the Commissioner enlarged the record by directing Defendant's trial counsel to submit an Affidavit responding to Defendant's ineffective assistance of counsel claims.   Thereafter, the State filed a response to the motion.  Finally, Defendant was permitted to file a reply thereto.[9]

12.     The claims raised in the subject motion are procedurally barred, waived and without merit.

### A)  Procedural Bars Preclude Consideration of Defendant's Claims

13.     Prior to addressing the substantive merits of any claim for postconviction relief, the court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[10]  If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the postconviction claim.[11]

---

[8] Superior Court Docket No. 67.
[9] Super.Ct.Crim.R. 61(g)(1) and (2).
[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*

3

14. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[12] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[13]

15. In accordance with the procedural mandates, Rule 61(i)(4) precludes the court's consideration of the claims presented herein since these claims were already raised and adjudicated in some fashion in Defendant's suppression motion. These claims are now procedurally barred as previously adjudicated.

16. Defendant could have rejected the plea and proceeded to trial and, if convicted, could have appealed the denial of his suppression motion on direct appeal. Defendant waived his right to appeal the suppression decision when he accepted the plea. Defendant did not take a direct appeal in this case and, even if he had, he would have been precluded from raising issues as to the appropriateness of the search warrant, resulting search, and suppression hearing following his acceptance of the plea. Defendant cannot now seek to do indirectly what he is not able to do directly. By accepting the plea, Defendant is precluded from raising the suppression issue on direct

---

[12] If a final order of conviction occurred on or after July 1, 2005, the motion must be filed within one year. See, Super.Ct.Crim.R. 61(i)(1)(July 1, 2005).
[13] Super.Ct.Crim.R. 61 (effective June 4, 2014).

4

appeal and is precluded from also indirectly raising these suppression issues in a Rule 61 motion.

17.     In the event that any of the issues raised herein were proper for consideration on direct appeal, Rule 61(i)(3) precludes consideration of those claims at this juncture for failure to raise them on direct appeal.

18.     Although ineffective assistance of claims are usually not procedurally barred for failure to raise the claims on direct appeal,[14] a claim which has already received substantive resolution cannot be re-stated, re-fined and re-raised as an ineffective assistance of counsel claim in order to again seek review.[15] In those circumstances, ineffective assistance of counsel claims are also procedurally barred because they have already received substantive resolution prior to being recouched and restated.

19.     All of the claims raised in Defendant's Rule 61 motion stem from his dissatisfaction with the Superior Court's denial of Defendant's suppression motion, whether couched as ineffective assistance of counsel claims or other errors and deficiencies. In essence, Defendant claims that the search warrant should not have been issued, that the hearing was not properly conducted, that the identity of the confidential informants should have been disclosed, and that he should have never taken the plea because the evidence resulting from the search should have been suppressed. All of these claims are procedurally barred.

   **B)     Defendant Waived His Claims Upon Entry of His Plea**

20.     In addition to Defendant's claims being procedurally barred, Defendant's claims were also waived upon the entry of Defendant's guilty plea.

---

[14] *Id.*
[15] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).

21.    Although Defendant now claims that his plea was coerced due to his counsel's ineffectiveness, that claim is belied by the representations Defendant made at the time he accepted his plea, admitted his guilt, and was sentenced.

22.    A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[16]  In this case, the Truth-in-Sentencing Guilty Plea Form, Plea Agreement and plea colloquy reveal that Defendant knowingly, voluntarily and intelligently entered a guilty plea to the charges for which he was sentenced.[17]

23.    At the plea colloquy, Defendant represented to the court that he had read and understood the truth-in-sentencing guilty plea form and the plea agreement, and that he had reviewed them with his counsel.[18]  Defendant further represented that nobody was forcing him to enter his plea.  Defendant represented that he was freely and voluntarily pleading guilty to the charges listed in the plea agreement.  Defendant represented that he was not being threatened or forced to do so by his attorney, by the State, or by anyone else.[19]    Defendant also represented that he was satisfied with his counsel's representation.[20]

24.    Defendant acknowledged his guilt as to both charges for which he pled guilty.[21]  Defendant also admitted his guilt at sentencing.[22]  Only after finding that Defendant's

---

[16] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).

[17] January 13, 2015 Plea Transcript; January 13, 2015 Plea Agreement; January 13, 2015 Truth-In-Sentencing Guilty Plea Form.

[18] January 13, 2015 Plea Transcirpt, at pgs. 10-11.

[19] January 13, 2015 Plea Transcript, at pg. 12-13;  Truth-In-Sentencing Guilty Plea Form dated January 13, 2015.

[20] January 13, 2015 Plea Transcript, at pg. 11; Truth-In Sentencing Guilty Plea Form dated January 13, 2015.

[21] January 13, 2015  Plea Transcript, at pg. 13-14.

[22] May 1, 2015 Sentencing Transcript, at pgs. 8-10.

6

plea was entered into knowingly, intelligently and voluntarily, did the court accept the plea.[23]

25.    In the Truth-in-Sentencing Guilty Plea Form, Defendant represented that he understood that by pleading guilty he was waiving his constitutional rights: to have a trial; to be presumed innocent until the State proves each and every part of the charges against him beyond a reasonable doubt; to a trial by jury; to cross-examine witnesses against him; to present evidence in his defense; to testify or not testify; and to appeal, if convicted.[24] Defendant represented that all his answers in the Truth-in-Sentencing Guilty Plea Form were truthful and that he read and understood all the information on the form.[25]

26.    In his Affidavit in response to Defendant's Rule 61 counsel, Defendant's trial counsel represented that counsel had exhaustive discussions with Defendant and his family to discuss Defendant's options.[26] Defendant's trial counsel represented that they fully discussed all of the options and the potential consequences of those options. Defendant's decision to accept the plea offer was completely voluntary, was done at the urging of his family members and with the advice of counsel, and was based on a full understanding of all the issues at stake.[27]

27.    Defendant has not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy, Plea Agreement or answers on the Truth-In

---

[23] January 13, 2015  Plea Transcript, at pg. 14.
[24] Truth-in-Sentencing Guilty Plea Form dated January 15, 2015.
[25] Truth-in-Sentencing Guilty Plea Form dated January 15, 2015.
[26] Superior Court Docket No. 71- Affidavit of Defendant's Trial Counsel in response to Defendant's Rule 61 motion.
[27] Superior Court Docket No. 71- Affidavit of Defendant's Trial Counsel in response to Defendant's Rule 61 motion.

Sentencing Guilty Plea Form. Any claim that Defendant's plea was not voluntary is without merit.

28. Since Defendant's plea was entered into voluntarily, intelligently and knowingly, Defendant waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[28] All of Defendant's claims presented herein seek to challenge the sufficiency of the search warrant, resulting search, suppression hearing, and the court's decision on the suppression motion were waived at the time of the entry of the voluntary guilty plea.[29]

### C) Defendant's Claims Are Without Merit

29. In addition to Defendant's claims being procedurally barred and waived, Defendant's claims are also without merit.

30. Defendant was faced with a choice. Either accept the plea, with a sentence recommendation of unsuspended Level V time of 4 years, or proceed to trial facing significantly more jail time if convicted. By accepting the plea offer, Defendant waived his right to appeal the denial of his suppression motion but significantly limited the potential sentence he could be serving if convicted and his appeal proved unsuccessful.

31. Having exhaustively weighed his options, Defendant chose to accept the plea offer with a recommendation of 4 years of unsuspended Level V time. He was sentenced to 3 years of unsuspended Level V time. His guilty plea represented a rational choice given the pending charges, the evidence against him, and the potential sentence he was facing.

---

[28] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[29] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.)

8

32. Having accepted the plea offer, thereby waiving his right to appeal any and all claims involving the issuance of the search warrant and the resulting search, Defendant is now attempting to indirectly seek review of the Superior Court's decision on his motion to suppress. Defendant is prohibited from doing indirectly what he is prohibited from doing directly. Defendant is precluded from seeking judicial review of the issuance of the search warrant and the resulting search however that review is couched.

33. Touching briefly on Defendant's ineffective assistance of counsel claims, Defendant contends that his counsel was ineffective in failing to learn the identity of the confidential informants and that counsel was ineffective in coercing his plea.

34. To prevail on an ineffective assistance of counsel claim in the context of a plea challenge, the defendant must not only claim that his counsel was deficient, but the defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[30] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[31]

35. The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[32] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are

---

[30] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[31] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[32] *Premo v Moore,* 131 S.Ct. 733, 739-744 (2011).

the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."[33]

36. In the suppression motion, Defendant's trial counsel raised the same issues as to the insufficiency of the search warrant and the resulting search that Defendant now raises in the subject Rule 61 motion. Those issues were already considered by the court.[34] Following a hearing on the suppression motion, the court denied the motion despite trial counsel's reasonable efforts.[35]

37. Defendant's trial counsel, in his Affidavit, further advises that there was no colorable basis to seek the disclosure of the identity of the confidential informants under the facts and circumstances of this case and he so advised Defendant of this before Defendant elected to enter his plea.[36]

38. Finally, in his Affidavit, Defendant's trial counsel advises that he exhaustively discussed Defendant's options with Defendant and his family before Defendant made the voluntary decision to accept the plea.[37] Indeed, at the time of the plea, Defendant represented to the court that nobody was forcing him to enter his plea, that he was freely and voluntarily pleading guilty to the charges listed in the plea agreement, and that he was satisfied with his counsel's representation. Defendant admitted that his plea was voluntary and he also admitted his guilt to the charges both at his plea hearing and at sentencing.[38]

---

[33] *Id.*, at pg. 741.
[34] See, Superior Court Docket No. 48; Superior Court Docket No. 71- Affidavit of Defendant's Trial Counsel in response to Defendant's Rule 61 motion.
[35] See, *State v. Johns,* 2014 WL 7740459 (Del.).
[36] Superior Court Docket No. 71- Affidavit of Defendant's Trial Counsel in response to Defendant's Rule 61 motion.
[37] Superior Court Docket No. 71- Affidavit of Defendant's Trial Counsel in response to Defendant's Rule 61 motion.
[38] January 13, 2015 Plea Hearing, at pgs. 13-14; May 1, 2015 Sentencing Transcript, at pgs. 8-10.

39. Defendant, in the subject motion, does not provide any specifics as to what his counsel should have done differently to have resulted in a different outcome on the suppression motion. Defendant does not provide any assertions, allegations, examples, or evidence as to what counsel should have done differently. Defendant is disappointed with the outcome of the suppression motion and is re-raising and reiterating the facts and issues already raised in that motion in the hopes of achieving a different result herein. Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance of counsel or any other Rule 61 claim.[39]

40. Defendant has not established that his counsel was deficient in any regard nor has he established that he suffered any actual prejudice as a result thereof.

41. Defendant could have elected to go to trial. He chose instead to accept a plea offer in return for the State dismissing additional felony charges and agreeing not to seek to sentence Defendant as a habitual offender on multiple felony charges. As discussed above, Defendant's guilty plea was knowingly, voluntarily and intelligently entered. Defendant cannot now seek to contest the sufficiency of the evidence or the alleged shortcomings of his counsel during the pre-trial and plea process. Defendant's claims were waived when he knowingly, voluntarily and intelligently accepted the plea offer. Defendant's claims are procedurally barred, waived and without merit.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be denied.

---

[39] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004)(conclusory and unsubstantiated allegations of unprofessional conduct are insufficient to support a motion for postconviction relief).

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker

oc:    Prothonotary
       Joseph W. Benson, Esquire